McFarland, J.,
delivered the opinion of the court.
This was a motion by the State, upon the bond *326 of Petitt, as revenue collector for Bradley County, for the year 1869. The Attorney General relied upon the statement of the Comptroller, made out in accordance with the statute, showing the balances claimed.
The defendant offered in evidence a number of receipts showing deposits made by Petitt, of revenue in the banks, as authorized by law. These receipts are-for various sums and of different dates. They were excluded by the court, but the receipts were copied in the bill of exceptions.
We have recently settled that the Comptroller’s settlement is not conclusive, but only prima fade evidence.
But the defendant has not shown that he is entitled to a credit for any of these sums.
As' to part of the receipts, it is manifest that he has been allowed a credit in the Comptroller’s statement, as there are credits corresponding in amounts and dates.
The other receipts do not show that they or any of them are on account of revenue for the year 1869, nor is this shown by any proof. The bond shows that Petitt was revenue collector for the county also, for the year 1868, and regarding these receipts as properly before us, all other questions out of the way, the defendants are not entitled to a credit for any of these sums, because it does not appear that they were for the year. 1869. .
We have decided in a recent' case, that to entitle a tax collector to a credit for payments, he must show, not simply that he has paid the money to the *327 Treasurer, but that he has paid it in the manner provided by the statute; paid it upon the Comptroller’s warrant, that he has taken the duplicate receipts required, and filed one with the Comptroller. Until all these requirements are complied with, it is not a valid payment into the State treasury, and the same is true as to deposits made as authorized by law, with the addition, that the receipt is there required to be triplicate. We do not hold that it is necessary that the Comptroller shall have allowed the credit; but the defendant must show tha^; he was. entitled to it. In this case, however, as we have said, we disallow the the credits, because they are not shown to be revenue for 1869.
The record shows that the defendants offered in evidence certified transcripts from the County Court, allowing releases of taxes for the year 1869. The evidence was excluded. This was erroneous, as we have held in another casé. The County Court had the power to grant the release, and upon doing so, it is the duty of the clerk to certify the allowance to the Comptroller. These records should have been made part of the bill of exceptions, so we could have acted upon the evidence without remanding the cause, and incurring the delay of another trial; but not being in the record we cannot render final judgment here. It is argued that the Court may have excluded the records upon some valid grounds — the ground does not appear, and we take it that it was upon the ground they were illegal evidence.
Upon this ground the judgment is reversed.
*328 Upon reconsideration, we are of opinion that the bill of exceptions does not show that the Circuit Judge was in error, in rejecting the records of the County Court. The grounds of his action are not shown, and the records not being set out in the bill of exceptions, we must presume in favor of the correctness of his action, as there may have been a good ground for his action.
The judgment of the court below will therefore be affirmed. The defendants may, under a special provision of the Code, obtain credit for these sums, if proper, even after judgment, from the Comptroller.